**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO LIZALDE RODRIGUEZ;
MARISELA LIZALDE,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71180

Agency Nos.    A075-668-891
A075-668-892

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Alejandro Lizalde Rodriguez and Marisela Lizalde, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen and review de novo

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, including claims of due process violations. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' untimely motion to reopen for failing to demonstrate they acted with the due diligence required for equitable tolling, where they contacted counsel only annually for approximately 12 years and only sought a second opinion upon the election of President Trump. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (due diligence depends on when a reasonable person would suspect the attorney's misconduct and whether the petitioner took reasonable steps to investigate prior counsel's suspected error, or, if petitioner was ignorant of counsel's shortcomings, made reasonable efforts to pursue relief).

Petitioners' contentions that the BIA erred and violated due process by utilizing the incorrect legal standard, ignoring or misstating evidence, relying on speculation, and failing to provide sufficient reasoning are without merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation omitted)).

**PETITION FOR REVIEW DENIED.**

19-71180